UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CRIMINAL ACTION NO. 10-40-DLB

UNITED STATES OF AMERICA                                              PLAINTIFF

vs.            **ORDER ADOPTING REPORT AND RECOMMENDATION**

JAMES M. TUNGATE                                                       DEFENDANT

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation (R&R) of the United States Magistrate Judge (Doc. # 43) wherein she recommends that the Court deny Defendant's Motion to Suppress Evidence and Statements (Doc. # 16). Defendant has filed objections to the R&R. (Doc. # 44). The Court has been informed that the United States does not intend to respond to the objections. Thus, the R&R and the objections thereto, which are reviewed *de novo*, are ripe for review.

On September 15, 2010, Magistrate Judge Candace J. Smith conducted an evidentiary hearing on Defendant's Motion to Suppress. At the hearing, Defendant Tungate testified that he did not give Covington Police Officer Lawrence consent to enter his residence on March 1, 2010. Officer Lawrence testified, by contrast, that Tungate did give him permission to enter his residence. This conflicting testimony required Magistrate Judge Smith to assess the credibility of both witnesses. After considering all the testimony, the Magistrate Judge "conclud[ed] that Defendant gave valid consent for Officer Lawrence to enter his residence." (Doc. # 43 at 3).

Defendant Tungate objects to the Magistrate Judge's "finding that Mr. Tungate gave Officer Lawrence legally sufficient, valid consent to enter Tungate's residence." (Doc. # 44 at 1). Defendant emphasizes certain testimony elicited at the evidentiary hearing to argue that Judge Smith's credibility assessment was erroneous. The Court views this as a general, not particular, objection. The general nature of the objections notwithstanding, Judge Smith specifically enumerated the testimony and rationale that led to her conclusion. More particularly, Judge Smith found certain aspects of Defendant's testimony illogical, pointed to other aspects that raised credibility concerns, and determined that the testimony of three officers at the evidentiary hearing was thorough and consistent. (Doc. # 43 at 4-5).

Defendant would have the Court believe that he flat out refused to let the first officer enter his residence, and that officer ignored his refusal and entered anyway. Defendant would also have the Court believe that he promptly told the officer to "get the hell out of my house" and the officer continued to ignore his demands. (Doc. # 26 at 11). Defendant's argument requires the Court to conclude that the initial officer blatantly disregarded his Fourth Amendment rights by entering his residence despite Defendant's refusal. In view of the testimony elicited during the hearing, the Court cannot reach that conclusion.

After reviewing the transcript of the evidentiary hearing (Doc. # 26) and the R&R, the Court agrees with the Magistrate Judge's factual findings and credibility assessments and finds that they are supported by objective evidence. The Court also agrees with Magistrate Smith's conclusion that Defendant Tungate gave Officer Lawrence legally valid consent to enter his house.

For the foregoing reasons, **IT IS ORDERED** that:

1. Defendant Tungate's Objections to Magistrate's Report and

>   Recommendation (Doc. # 44) are **OVERRULED**;
>
> 2. The Magistrate Judge's Report and Recommendation (Doc. # 43) is **ADOPTED** as the findings of fact and conclusions of law of the Court;
>
> 3. Defendant Tungate's Motion to Suppress Evidence and Statements (Doc. # 16) is **DENIED**; and
>
> 4. This matter is scheduled for a status conference on **December 3, 2010** at **11 a.m.** The U.S. Marshal shall ensure Defendant is present for the status conference.

This 24th day of November, 2010.

Signed By:
David L. Bunning
United States District Judge